```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MARY DENISE BOHIGIAN,**

       **Plaintiff,**

**v.**                   //    CIVIL ACTION NO. 1:11CV181
                                    (Judge Keeley)

**FLAGSTAR BANK, FSB,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO REMAND [DKT. NO. 10]

Before the Court is the plaintiff's motion to remand (dkt. no. 10). For the reasons discussed below, the Court **GRANTS** the motion and **REMANDS** this case to the Circuit Court of Marion County, West Virginia.

**I.**

This case arises from the allegedly abusive loan servicing practices of the defendant, Flagstar Bank, FSB ("Flagstar"). The plaintiff, Mary Denise Bohigian ("Bohigian"), alleges that Flagstar, the servicer of her home mortgage loan, engaged in abusive loan servicing by assessing unjustified property inspection fees and by impairing her contractual right to reinstate her mortgage.

On October 7, 2011, Bohigian filed a complaint against Flagstar in the Circuit Court of Marion County, West Virginia, asserting three causes of action: (1) Breach of Contract; (2)

**MARY DENISE BOHIGIAN, v. FLAGSTAR BANK, FSB,**                1:11CV181

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION TO REMAND [DKT. NO. 10]

Illegal Debt Collection in violation of W. Va. Code § 46A-2-128(d); and (3) Illegal Debt Collection in violation of W. Va. Code § 46A-2-127(g). Bohigian filed the following Stipulation contemporaneously with her complaint:

1. Plaintiff stipulates that all of her alleged damages, and all other relief including but not limited to equitable relief and attorneys fees and costs, set forth in the Complaint are no greater than $75,000.
2. To the extent any remedy awarded by the Court and/or jury, inclusive of attorney fees and equitable relief, would be in excess of a combined $75,000, Plaintiff stipulates that she will not be entitled to recover said excess.

(Dkt. no. 3-5 at 1). The complaint itself refers to and incorporates this Stipulation while emphasizing that "[t]he amount in controversy does not exceed $74,999.99 and Plaintiff expressly waives any recovery above this amount."(Dkt. No. 3-1 at 3).

Despite Bohigian's disavowal of damages above the jurisdictional threshold, on November 17, 2011, Flagstar removed the case under 28 U.S.C. §§ 1441 and 1446, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Bohigian filed a motion to remand on December 9, 2011. This motion is now fully briefed, and the matter is ripe for the Court's review.

**MARY DENISE BOHIGIAN, v. FLAGSTAR BANK, FSB,         1:11CV181**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND [DKT. NO. 10]**

## II.

Federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). Any state civil action which satisfies these requirements "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction, Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994), and that party "must supply evidence to support his claim regarding the amount at issue in case." McCoy v. Erie Ins. Co., 147 F.Supp.2d 481, 489 (S.D. W. Va. 2001). All doubts about the propriety of removal should be resolved in favor of retaining state jurisdiction. Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999).

There is no question that diversity of citizenship exists between Bohigian and Flagstar. The sole issue presented by the instant motion is whether this action involves the requisite amount in controversy.

**MARY DENISE BOHIGIAN, v. FLAGSTAR BANK, FSB,          1:11CV181**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND [DKT. NO. 10]**

### III.

As framed by the defendant, the pending motion to remand presents two distinct questions: (1) whether Flagstar has established that the value of Bohigian's request for equitable relief exceeds the jurisdictional minimum; and (2) whether the Stipulation executed by Bohigian serves to limit her equitable relief.

### A.

As partial relief for her breach of contract claim, Bohigian requests that "[t]he Court enjoin the Defendant from taking possession or scheduling foreclosure of Plaintiff's home." (Dkt. No. 3-1 at 9). This request for equitable relief is the sole focus of Flagstar's argument; it contends that this injunction, standing alone, is worth over $75,000.

"'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" McCoy, 147 F.Supp.2d at 492 (quoting Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)). In assessing the value of the object of the litigation, the United States Court of Appeals for the Fourth Circuit looks at the pecuniary result to either party which a

**MARY DENISE BOHIGIAN, v. FLAGSTAR BANK, FSB,                    1:11CV181**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND [DKT. NO. 10]**

judgment would produce. Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002) ("[T]he test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'") (quoting Gov't Emp. Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964)).

Flagstar argues that Bohigian's requested injunction would be akin to rendering the entire mortgage agreement void, and thus the cost of the injunction to Flagstar is the "outstanding balance of the loan," which it purports to be at least $101,938.00. (Dkt. No. 16 at 6-7). The plaintiff argues that she only seeks a temporary injunction to enjoin any pending foreclosure in order to enforce her rights under the contract. (Dkt. No. 11 at 9). The defendant responds that the complaint's request for an injunction is not qualified and, as such, it can only be interpreted as a "permanent injunction of foreclosure on Plaintiff's residence." (Dkt. No. 16 at 5).

As an initial matter, the Court notes that the defendant's characterization of the requested injunction is taken completely out of context. As the plaintiff points out, the complaint does not contain any allegation that would give rise to a permanent injunction against enforcing the loan agreement. Rather, the

**MARY DENISE BOHIGIAN, v. FLAGSTAR BANK, FSB,        1:11CV181**

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO REMAND [DKT. NO. 10]**

complaint itself stresses that "Plaintiff brings this action to save her home and continue to receive the benefit of <u>and honor</u> her mortgage loan agreement by making affordable payments." (Dkt. No. 3-1 at 3 (emphasis added)). Read within the context of the complaint as a whole, Bohigian's characterization of her requested injunction as temporary is eminently reasonable.

Even if, as Flagstar suggests, Bohigian were seeking a permanent injunction on the foreclosure of her home, the Court is unconvinced that such an injunction would cost Flagstar the full balance of the loan. The defendant goes to great pains to analogize this case to <u>Winnell v. HBSC Mortg. Serv. Inc.</u>, which held that, where foreclosure was a defendant's "<u>sole recourse</u> to enforce the loan," the value of a foreclosure injunction was equal to the outstanding balance of the loan. No. 2:11-cv-561, 2011 WL 5118805, at *2 (S.D. W. Va. Oct. 28, 2011). However, the <u>Winnell</u> court stressed that a foreclosure there was the defendant's <u>only avenue</u> for enforcing its loan, as the plaintiff's personal liability on the loan was discharged in bankruptcy. <u>Id.</u> at *2. Flagstar has made no similar allegation here, and has not otherwise demonstrated how the "pecuniary result" it would suffer upon such an injunction

**MARY DENISE BOHIGIAN, v. FLAGSTAR BANK, FSB,           1:11CV181**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND [DKT. NO. 10]**

would equate to the entire outstanding balance of the loan. <u>Dixon</u>, 290 F.3d at 710.

Moreover, Flagstar has also failed to provide any evidence of the actual outstanding balance on the loan at the time of removal. The figure that it presents as the "outstanding balance" – $101,938.00 – is actually the original principal balance of the loan. (Dkt. No. 3-1 at 4; Dkt. No. 3-3 at 1). The only evidence that Flagstar has provided of the amount purportedly due on the loan at the time of removal is the mortgage agreement itself, which simply lists an original principal balance of $101,938.00 and sets the monthly payments at $594.88. (Dkt. No. 3-3 at 1). However, the plaintiff's complaint alleges, and Flagstar does not refute, that she made payments on her mortgage loan through July of 2010. As such, even if the Court wished to credit Flagstar's argument that the injunction should be valued at the outstanding balance of the loan, it has no way to determine this amount beyond pure speculation. See <u>Kelford v. Bank</u> of America, 1:11-cv-146, 2011 WL 5593790, at *3 (N.D. W. Va. Nov. 17, 2011) (remanding where the defendant argued that an injunction equated to the outstanding balance on the loan but "provided no records showing the actual amount due on the loan at the time of removal.").

**MARY DENISE BOHIGIAN, v. FLAGSTAR BANK, FSB,            1:11CV181**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND [DKT. NO. 10]**

For all these reasons, the Court finds that Flagstar has not carried its burden of establishing that the amount at issue in this case is over $75,000.

**B.**

Even assuming *arquendo* that the plaintiff's requested injunction is appropriately valued at $101,938.00, Flagstar still faces the hurdle of Bohigian's Stipulation. On this point, Flagstar urges the Court to find that the Stipulation cannot limit the value of Bohigian's equitable relief. In support, Flagstar relies on <u>Womack v. Wells Fargo Bank</u>, 1:11-cv-104 (Dkt. No. 22) (N.D. W. Va. August 24, 2011).

The plaintiffs in <u>Womack</u> sought to declare several loans valued at $143,180.66 "void and unenforceable" despite the fact that they contemporaneously stipulated that "all of their alleged damages set forth in the complaint are not greater than $75,000." <u>Id.</u> at *2. The <u>Womack</u> court found that the amount in controversy requirement would be satisfied "unless this Court can reasonably interpret the plaintiffs' Stipulation to include this amount [$143,180.66] within its scope," ultimately concluding that it would "carry logical reasoning to its outermost boundaries" to interpret the plaintiff's broadly worded stipulation as "rendering

**MARY DENISE BOHIGIAN, v. FLAGSTAR BANK, FSB,          1:11CV181**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND [DKT. NO. 10]**

its request for over $140,000.00 in declaratory relief mere surplusage." Id. at *6.

Here, in contrast, the Court need not take a great analytical leap to interpret Bohigian's Stipulation as including her equitable relief. Womack is distinguishable in two important respects. First, the plaintiffs in Womack were seeking to have the Court declare "null and void" contracts that were unambiguously valued at almost twice the amount in controversy amount. Second, the Stipulation in Womack did not explicitly disclaim equitable relief. Here, the Stipulation executed by Bohigian, which Flagstar agrees is valid and binding, specifically includes equitable relief in its broad disavowal of damages beyond the jurisdictional threshold:

1.  Plaintiff stipulates that all of her alleged damages, and all other relief <u>including but not limited to equitable relief</u> and attorney's fees and costs, set forth in the Complaint are no greater than $75,000.
2.  To the extent any remedy awarded by the Court and/or jury, <u>inclusive of</u> attorney's fees and <u>equitable relief</u>, would be in excess of a combined $75,000, Plaintiff stipulates that she will not be entitled to recover said excess.

(dkt. no. 3-5 at 1 (emphasis added)). Given this specific language and the debatable, comparatively low value of the Bohigian's requested injunction, the Court can certainly "reasonably interpret the plaintiff's Stipulation to include" equitable relief. Womack,

9

**MARY DENISE BOHIGIAN,  v. FLAGSTAR BANK, FSB,                1:11CV181**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND [DKT. NO. 10]**

1:11-cv-104 (Dkt. No. 22 at 6). Accordingly, the Court finds that Bohigian's Stipulation adequately limits her both her equitable and monetary recovery below the jurisdictional threshold.

**IV.**

In conclusion, for the reasons discussed, the Court **GRANTS** the plaintiff's motion to remand (dkt. no. 10), **REMANDS** this case to the Circuit Court of Marion County, West Virginia, and **CANCELS** the Scheduling Conference currently set for **Friday, January 13, at 2:30 p.m.** The Court **DENIES** the plaintiff's request for fees and costs pursuant to 28 U.S.C. § 1447(c).

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record and send a certified copy to the Clerk of the Circuit Court of Marion County, West Virginia.

DATED: January 12, 2012

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE